UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES ANTOINE BURNETT                      CIVIL ACTION

VERSUS                                       NUMBER: 15-0608

ST. TAMMANY PARISH JAIL                      SECTION: "F"(5)
COVINGTON, LA. 70434
WARDEN GREGORY LONGINO

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Charles Antoine Burnett, against Defendant, Warden Gregory Longino of the St. Tammany Parish Jail ("STPJ"). (Rec. doc. 3).[1]

Plaintiff is an inmate of the Orleans Parish Re-Entry Program in New Orleans, Louisiana, who was housed at the Riverbend Detention Center in Lake Providence, Louisiana, at the time that he authored his complaint and was presumably incarcerated at the STPJ at some time before that. As his statement of claim herein, Plaintiff alleges, first, that he was not allowed to practice Islam at the STPJ and, second, that he was improperly housed with another inmate who had been charged with attempted second degree murder. (Rec. doc. 3). In his prayer for relief, Plaintiff asks that the STPJ and the Warden be fined $1,000 as well as compensatory damages in the amount of $85,000.00. (*Id.*).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged

---

[1]  Notwithstanding the manner in which the Plaintiff captioned his complaint, a review of page four thereof, where he was directed to provide identifying information for every individual he has named as a Defendant in the lawsuit, reveals that there is but one Defendant in this matter, namely, Warden Longino. (Rec. doc. 3, p. 4). Even if Plaintiff had intended to name the STPJ as an additional Defendant, that facility is a building, not an entity or person who is capable of being sued under §1983. *Wetzel v. St. Tammany Parish Jail,* 610 F.Supp. 2d 545, 548-49 (E.D. La. 2009); *Jones v. St. Tammany Parish Jail*, 4 F.Supp. 2d 606, 613 (E.D. La. 1998).

therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff gives no indication in his complaint of the capacity in which the named Defendant is being sued. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff ". . . must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the named Defendant in his official capacity fail to state a claim upon which relief can be granted, as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's

2

allegations as being made against the named Defendant in his individual capacity he fares

no better because "[p]laintiffs suing governmental officials in their individual capacities . . .

must allege specific conduct giving rise to a constitutional violation.  This standard requires

more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the

constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)).

This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of

action.'" *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)).  Supervisory

officials like the Warden ". . . cannot be held liable for federal civil rights violations allegedly

committed by his associates based merely on a theory of strict liability or vicarious

liability." *Id.* (footnotes omitted).  *Respondeat superior* is simply not a concept which is

applicable to proceedings brought under §1983.  *Harvey v. Andrist*, 754 F.2d 569, 572 (5th

Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768,

(5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Other than identifying the Warden as the Defendant in the caption of and again on

page four of his complaint, Plaintiff's principal pleading contains no allegations whatsoever

regarding the Warden's involvement in the matters of which he complains herein.  In his

recently-filed response to the Court's Briefing Order, Plaintiff asserts that "[i]t is without

question that the Warden is reliable (*sic*) for any and all [i]ncident that goes on in his

[f]acilitly (*sic*)."  (Rec. doc. 19, p. 4).  That allegation, however, is merely an assertion that

the Warden should be held liable under a theory of strict or vicarious liability, neither of

which, as explained above, is applicable to suits brought under §1983.  The Warden is not

even identified by Plaintiff as a witness who possesses personal knowledge regarding the

claims that he urges.  (*Id.* at pp. 6-7).  Under these circumstances, Plaintiff's allegations are

3

insufficient to state a claim against the Warden.  *Carter*, 2009 WL 3231826 at *1-2.  Turning to the species of relief sought by Plaintiff, the Court is not cited to, nor is the Court aware of, its authority to levy a fine against the Warden in this garden-variety civil proceeding.  The other form of relief, compensatory damages, is unavailable here, as 42 U.S.C. §1997e(e) bars recovery of monetary relief for mental or emotional damages without a prior showing of physical injury.  *Richard v. Cupp*, No. 08-CV-1544, 2009 WL 840218 at *6 (W.D. La. March 25, 2009).  Feelings of fear and anxiety do not qualify as physical injuries under §1997e(e).  *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001).  For all these reasons, it will be recommended that Plaintiff's suit against the Warden be dismissed with prejudice under §1915(e)(2)(B)(i) and (ii).

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this ___12th___ day of _____June_____, 2015.

_____

MICHAEL B. NORTH

UNITED STATES MAGISTRATE JUDGE

4